UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,            )
                             )       No. 6:19-CR-29-REW-HAI
v.                        )
                             )       OPINION & ORDER
TIMMY L. FIELDS,        )
                             )
    Defendant.        )

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Fields[1] asks the Court to suppress evidence seized from his vehicle on the night of his April 2019 arrest. DE 21 (Motion); *see also* DE 32 (Mem. in Support). The Government opposes. DE 25 (Response); *see also* DE 26 & 27 (Audio Recordings of Dispatch Calls). On referral, Judge Ingram held an evidentiary hearing, *see* DE 30 (Minute Entry), and, after thorough treatment, recommended denial. *See* DE 33 (Recommended Disposition). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure *de novo* review from the undersigned. *See id.* at 12–13. The established, 14-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a

---

[1] Fields faces charges of possessing 500+ grams of meth with distributive intent (Count 1 – April 21, 2019), in violation of 21 U.S.C. § 841(a)(1). DE 1 (Indictment). The charged conduct allegedly occurred in Laurel County, in this District. *Id.*

magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made"). "The law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption. *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal.").

As Judge Ingram aptly noted: Defendant conceded the lawfulness of the subject traffic stop and, thus, Fields's suppression effort comes down to whether the traffic stop was, per *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), unconstitutionally extended. DE 33 at 1–2. At the hearing, the interdicting officer, Trooper Walker—a 37-year law enforcement veteran (and 30+-year EMT)—provided ample, fact-specific testimony as to his suspicions regarding Fields's intoxication (*e.g.*, the initial tip, the traffic violation, glassy eyes, swaying, elevated pulse, personal knowledge of Defendant's criminal history, contradictory statements relative to passenger). *See id.* at 3–5. Based on the full record, Judge Ingram concluded:

> The stop in this case did not violate *Rodriguez* because Trooper Walker had reasonable suspicion of criminal drug-related activity prior to the completion of the traffic stop. . . . Unlike *Rodriguez*, the purpose of addressing the traffic violation was not completed prior to Trooper Walker developing reasonable suspicion of criminal activity.

*Id.* at 8. Alternatively, Judge Ingram found that the *Leon* good-faith exception would apply to foreclose suppression. *See id.* at 11–12. Again, Judge Ingram's capable analysis and rejection of Fields's *Rodriguez* challenge stands unopposed.

Accordingly, the Court **ORDERS** as follows:

1. The Court **ADOPTS** Judge Ingram's recommendation (DE 33);

2. The Court **DENIES** DE 21; and

3. Consistent with prior findings (DE 24), the Court **SCHEDULES** a jury trial in this matter for **December 2, 2019,** at 9:00 a.m. in London, Kentucky. Counsel shall appear by 8:30 a.m. All unexpired DE 17 deadlines reset relative to this trial date.

This the 28th day of October, 2019.

Signed By:

*Robert E. Wier*

United States District Judge